UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **SOLOMON FORTNEY,**<br>*Plaintiff,*<br><br>**v.**<br><br>**BATTLE ENERGY SERVICES, LLC,**<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Case No. 4:21-CV-00076 |

## DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Battle Energy Services, LLC ("Defendant") files its First Amended Answer to Plaintiff's Original Petition, pursuant to the Order of the Court of January 6, 2022, and states as follows:

### I. LEVEL OF DISCOVERY

1. The cause has been removed from the state Court, and the discovery is governed by the Federal Rules of Civil Procedure. Therefore, no answer to the allegations in Paragraph 1 is required.

### II. PARTIES

2. On information and belief, Defendant admits the allegations contained in Paragraph 2.

3. Defendant admits the allegations contained in Paragraph 3.

### III. JURISDICTION AND VENUE

4. The cause has been removed from the state court, therefore, no admission or denial

of the state venue allegations contained in Paragraph 4 is necessary. The allegations contained in paragraph 4 are legal conclusions to which no response is required; to the extent a response is required, Defendant admits that all or part of Plaintiff's cause of action are alleged to have arisen in Reeves County, Texas, which is within the boundaries of this District and Division.

5. The allegations contained in paragraph 5 are legal conclusions to which no response is required; to the extent a response is required, Defendant admits that this Court has jurisdiction over the cause. The Court's jurisdiction is based upon 28 U.S.C. §§ 1331, 1332, 1367, and 1441.

### IV.   FACTS

6. Defendant admits that the cause of action is alleged to have arisen from an oilfield rig accident during a pressure test conducted by Defendant on August 13, 2019. Defendant is without sufficient information to admit or deny whether Plaintiff was an employee of Cactus Energy at all times material. Defendant is without sufficient information to admit or deny whether Plaintiff was a "floorhand." Defendant admits that the alleged accident occurred at or near the oil rig located in the vicinity of Orla, Texas. Defendant is without sufficient information to admit or deny whether Plaintiff and his coworkers were working at the site in preparation for the rig to be moved. Defendant is without sufficient information to admit or deny whether Plaintiff and Plaintiff's coworker were working on a line at the base of the rig. Defendant denies that Cactus Energy contracted with Defendant to provide pressure testing at the rig site. Due to the generality of the statement, Defendant denies that the employees of Cactus Energy and Defendant were working in the same area.

7. Defendant denies that Plaintiff had no knowledge of Defendant's activities at the site. Defendant denies that Plaintiff had no warning of the pressure testing. On information and belief, Defendant admits that a pressurized choke line ruptured during testing. Defendant denies

that the pressure line became uncontrollable. Defendant is without sufficient information to admit or deny how, where, and to what extent Plaintiff was injured, if at all. Defendant denies that its actions were careless or reckless. Defendant denies that it was negligent or grossly negligent. Defendant denies that any of its activities caused injuries to Plaintiff. Defendant is without sufficient information to admit or deny the location to which Plaintiff was taken following the incident.

## V.   NEGLIGENCE

8. No admission or denial of the allegations contained in this paragraph is necessary.

9. Defendant denies the allegations of vicarious liability contained in this paragraph. The existence of duty under any of the negligence theories asserted is a question of law for the Court, therefore, no response to the allegations from Defendant is required. Defendant denies that it breached any of the duties as alleged, if extant.

10. Defendant denies that any of its acts and/or omissions were negligent, negligent per se, or grossly negligent. Defendant denies the causation allegations contained in this paragraph.

11. Defendant denies the vicarious liability allegations contained in this paragraph. To the extent any of the vicarious liability allegations call for a legal conclusion, no response from Defendant is required. Defendant denies that it exercised control over any third party present at the site of the alleged incident.

## VI.   DAMAGES

12. No response to the allegations contained in this paragraph is required.

13. Defendant denies the causation allegations contained in this paragraph. Plaintiff's live pleading speaks for itself, and no admission or denial of the relief sought by Plaintiff is

necessary. To the extent the paragraph alleges that Defendant is liable to Plaintiff or that Plaintiff is entitled to the pleaded relief, Defendant denies the allegations.

14. Defendant is without sufficient information to admit or deny the allegations pertaining to Plaintiff's pre-existing injuries or conditions of the body.

15. Plaintiff's live pleading speaks for itself, and no admission or denial of the allegations contained in this paragraph by Defendant is necessary.

## VII. EXEMPLARY DAMAGES

16. No response to the allegations contained in this paragraph is required.

17. Defendant denies that any of its acts and/or omissions alleged were grossly negligent or malicious. To the extent any of the allegations contained in this paragraph call for a legal conclusion, no admission or denial by Defendant is necessary. Defendant denies that Plaintiff is entitled to punitive or exemplary damages.

## VIII. AFFIRMATIVE DEFENSES

18. Defendant is not liable to Plaintiff, because the alleged occurrence and any damages sustained or claimed by Plaintiff were proximately caused by acts or omissions of third persons or entities over whom Defendant had no control and for whose acts, omissions, and conduct Defendant is in no way responsible. Further, the acts, omissions, and other conduct of such other persons or entities were the sole cause, a producing cause, or a proximate cause of the occurrence in question and any alleged damages.

19. Defendant is not liable, because Plaintiff's own acts or omissions proximately caused or contributed to Plaintiff's alleged injuries. Defendant invokes Sections 33.001, 33.003, and 33.012(a) of the Texas Civil Practice & Remedies Code as affirmative defenses to Plaintiff's

claims. Specifically, Plaintiff is responsible for more than 50 percent of his alleged damages and cannot recover from Defendant.

20. Plaintiff is barred and/or limited in his recovery, if Plaintiff shows himself entitled to any, by his failure to mitigate the damages.

21. Plaintiff's alleged causes are subject to the proportionate responsibility, under Chapter 33 of the Texas Civil Practice and Remedies Code.

22. Defendant is entitled to a reduction of any monetary verdict that may be rendered in this case by credit for payments made to Plaintiff by other persons and/or entities, or by the percentage reductions to which Defendant would be entitled as a result of the jury findings against Plaintiff, co-defendants, responsible third parties, or any other persons or entities.

23. Plaintiff's recovery of medical and health care expenses, if awarded, is limited to the expenses actually paid or incurred, under Section 41.0105 of the Texas Civil Practices and Remedies Code.

24. All or a part of Plaintiff's alleged injuries was caused by pre-existing conditions, for which Defendant is not responsible.

25. Defendant is entitled to a credit or offset for all damages attributable to Plaintiff's pre-existing conditions.

26. Plaintiff is limited in the recovery of lost earnings, if awarded, under Section 18.091 of the Texas Civil Practice and Remedies Code.

27. Any potential punitive and/or exemplary damages, if awarded, should be limited or excluded, under Sections 41.003, 41.004, 41.005, 41.006, 41.008(b), 41.010, 41.011, 41.012, and other applicable provisions of Chapter 41 of the Texas Civil Practice and Remedies Code.

28. Any award of punitive and/or exemplary damages against Defendant would be in violation of Defendant's rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.

29. All Plaintiff's claims are barred by the applicable statute of limitations. Plaintiff pleads to have been injured on August 13, 2019. Plaintiff sued Defendant on August 12, 2021, but did not serve Defendant until the statute of limitations had run. Plaintiff proffered no explanation for a gap between the date of filing and the date of service.

30. Plaintiff's recovery, if awarded, is barred by the doctrine of "unclean hands."

31. Plaintiff cannot recover on the theory of premises liability, because Defendant was not the owner, occupier, or the person in control of the premises where Plaintiff alleges to have been injured.

32. Defendant owed no duty to Plaintiff under any of the negligence theories alleged.

33. Plaintiff's claims against Defendant are barred by the doctrine of assumption of risk. Defendant and unrelated third parties advised Plaintiff of all risks associated with being in the vicinity of the site where Plaintiff alleges to have been injured. Plaintiff proceeded to work at said location despite the warnings and, therefore, knowingly and voluntarily assumed the risk of injury of a type and kind alleged in Plaintiff's live pleading.

34. Defendant reserves the right to assert additional affirmative defenses as the discovery in the cause progresses.

## IX.   PRAYER

Defendant prays that, upon final hearing and trial, Plaintiff take nothing on his claims against Defendant and that Defendant be awarded all other and further relief, at law or in equity, to which it may be justly entitled.

Dated: January 12, 2022                    Respectfully submitted,


                                           By:  /s/ George S. McCall
                                           GEORGE S. McCALL
                                           State Bar No. 13344800
                                           george.mccall@faegredrinker.com

                                           **FAEGRE DRINKER BIDDLE & REATH LLP**

                                           1717 Main Street, Suite 5400
                                           Dallas, TX 75201-7367
                                           Telephone: (469) 357-2545
                                           Facsimile:  (469) 327-0860

                                           **ATTORNEYS FOR DEFENDANT,
                                           BATTLE ENERGY SERVICES, LLC**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record through the Court's CMF/ECF system, in accordance with the Federal Rules of Civil Procedure on this 12th day of January, 2022.

*/s/ George S. McCall*
GEORGE S. McCALL
